UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MECHEL BARRON,

    Plaintiff,

v.

CITY OF SAUSALITO, et al.,

    Defendants.

Case No. 22-cv-03113-EMC

**ORDER OF DISMISSAL**

Previously, the Court issued an order directing Ms. Barron to show cause why her case should continue and, if so, what federal claims she has which would be the basis for this Court to assert federal jurisdiction. *See* Docket No. 38 (order). Ms. Barron has now filed a response to the order to show cause ("OSC").

In her response, Ms. Barron makes three main assertions: (1) two law enforcement officers (whom she refers to as the Padia brothers) rejected helping her with a housing voucher; (2) the Richardson's Bay Regional Agency ("RBRA") has taken advantage of her and other "anchor outs" with the boat buyout program; and (3) the Muir Woods Lodge (where she had temporary housing) was racist, was not clean, and failed to pay her for cleaning work that she did. As relief, Ms. Barron seeks substantial monetary damages (primarily for emotional pain and suffering) as well as various injunctive relief.

With respect to (2), the Court notes that the RBRA is not a defendant in this case. Moreover, the allegations made are too far afield from the core of this case which is largely predicated on *Martin v. Boise*, 920 F.3d 584, 604 (9th Cir. 2017) ("hold[ing] that an ordinance violates the Eighth Amendment insofar as it imposes criminal sanctions against homeless

individuals for sleeping outdoors, on public property, when no alternative shelter is available to them").

Regarding (3), Muir Woods Lodge was added as a defendant in the first amended complaint, *see* Docket No. 23 (first amended complaint); however, even under the standard for permissive joinder, joinder of Muir Woods Lodge was not appropriate. *See* Fed. R. Civ. P. 20(a)(2) (providing that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"); *see also* Fed. R. Civ. P. 21 (providing that, where there is misjoinder of parties, a court "may at any time, on just terms, add or drop a party"). Furthermore, it is not clear that Ms. Barron has a federal claim against Muir Woods Lodge. For example, the claim of racial discrimination is entirely conclusory.

Finally, regarding (1), there is no viable federal claim because Ms. Barron has not established a constitutional claim stemming from the failure of the law enforcement officials to provide affirmative assistance to her in obtaining a housing voucher. This does not state a claim under *Martin*.

Accordingly, the Court hereby dismisses Ms. Barron's case with prejudice as she fails to demonstrate she will be able to assert viable federal claims and orders the Clerk of the Court to enter judgment and close the file in this case. In so ruling, the Court does not express any opinion as to whether Ms. Barron may have, *e.g.*, a state law claim against the RBRA or Muir Woods Lodge.

**IT IS SO ORDERED**.

Dated: August 19, 2022

_____
EDWARD M. CHEN
United States District Judge